PER CURIAM.
This bar disciplinary proceeding is before the Court for consideration of the referee’s report. The referee found attorney Gary L. Sparks guilty of several counts of professional misconduct and recommends disbarment. The respondent has not filed a petition for review. We consider the report pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
The accused attorney did not respond to the Bar’s complaint or attend the hearing. In addition to proper notice by mail, the record reflects personal service of the complaint and other pleadings upon the respondent. Upon motion by the Bar, the referee ruled that certain alleged facts would be deemed admitted.
The referee found respondent guilty on all counts of the complaint. Two counts involved respondent’s misappropriation of entrusted funds to his own use or to uses • other than those intended and authorized by the owners. A further item of misconduct was predicated on the return of trust account checks for insufficient funds. Respondent was also accused in two more counts of failing to maintain complete records and render proper accountings of *1052 funds received in trust and failing to follow mandated trust accounting practices and procedures. Three remaining counts of the complaint involved receiving funds in trust for a specific purpose and then failing to accomplish the purpose or return the money; receiving a fee and then failing to provide the agreed service or return the fee; and paying for supplies received by his law office with a check that was later dishonored.
The referee recommended that respondent be found guilty of one or more violations of each of the following provisions of the former Florida Bar Integration Rule and Code of Professional Responsibility: article XI, rule 11.02(3)(a) (adherence to moral standards); article XI, rule 11.02(4) (trust accounting rules); various provisions of the Integration Rule Bylaws now set forth in rule 5-1.2 of the Rules Regulating The Florida Bar; Disciplinary Rule 1-102(A)(3) (illegal conduct involving moral turpitude); D.R. 1-102(A)(4) (dishonest conduct); D.R. 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); D.R. 6-101(A)(3) (neglect of a legal matter); D.R. 9-102(B)(3) (failure to keep records of funds received from clients); and D.R. 9-102(B)(4) (failure to pay or deliver funds or property promptly upon request).
The referee recommends that respondent be disbarred. The respondent has not filed a petition for review. We therefore approve the referee’s findings and recommendation. Rule 3-7.6(c)(6), Rules Regulating The Florida Bar. Respondent Gary L. Sparks is hereby disbarred, effective immediately. The costs of this proceeding are taxed against the respondent. Judgment is entered against Gary L. Sparks in the amount of $2,313.41, - for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.